## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **JERRY STROMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 5:15-CV-181** |
| | § | |
| **NBI SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jerry Stroman ("Plaintiff") files this Original Complaint, and respectfully shows as follows:

### I.   PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Defendant NBI Services, Inc. ("NBI" or "Defendant").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. NBI is an Oklahoma corporation, with its principal place of business in Tulsa, Oklahoma. NBI may be served through its registered agent for service of process in Texas, Rebecca G. Weatherall, 3950 FM 71 West, Talco, TX 75487.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

7. This Court has personal jurisdiction over Defendant because it does a substantial amount of business in Texas. As described in more detail below, this case relates to Defendant's contacts in Texas. As such, this Court may assert both specific and personal jurisdiction over Defendant. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

9. At all relevant times times, Defendant has been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

12. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

V.   FACTUAL BACKGROUND

13. NBI is is an oil and gas producer.  Plaintiff was employed by Defendant as a Operator-Technician, and primarily performed manual labor on oil and gas wells in and around Redwater and Maud, Texas.

14. While employed by Defendant, Plaintiff generally worked (or, at minimum, was on call) for seven days a week.  Plaintiff usually worked between 60-70 hours per week (sometimes more), and Plaintiff was required to be "on call" at all times.  Instead of paying him overtime, Defendant paid Plaintiff a salary.  As the controlling law makes clear, the manual labor/technical duties which were performed by Plaintiff consist of non-exempt work.

15. As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

16. No exemption excuses Defendant from paying Plaintiff overtime rates under the FLSA. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

17. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

18. The foregoing allegations are incorporated herein by reference.

19. Plaintiff was a non-exempt employee of Defendant.

20. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

21. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

22. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

23. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as

well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.   RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By:   /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**AND**

By:   /s/ C. David Glass
C. David Glass
State Bar No. 24036642
Smith Weber, LLP
5505 Plaza Drive
Post Office Box 6167

Texarkana, Texas 75503/75505  
Tel: 903.223.5656  
Fax: 903.223.5652  
Email:  dglass@smithweber.com

**ATTORNEYS FOR PLAINTIFF**